IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| JESSE TIDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 6:12-cv-3561-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

The plaintiff, Jesse James Monroe Tidwell, appeals from the decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Tidwell timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Mr. Tidwell was thirty years old at the time of the Administrative Law Judge's ("ALJ") decision. Mr. Tidwell has an eleventh grade education and was not enrolled in any special education classes. (Tr. at 267, 295.) In the fifteen years before the

alleged onset of his disability, Mr. Tidwell was employed in various jobs, primarily in the construction industry. (Tr. at 197, 209-214.) Mr. Tidwell claims that he became disabled on December 1, 2009, due to pain in his back, neck, feet, stomach, and heart; fibromyalgia; colon problems; and an enlarged spleen and liver. (Tr. at 195.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding

of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. See id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant

work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.; see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ determined that Mr. Tidwell was insured through December 31, 2010. (Tr. at 22.) He further determined that Mr. Tidwell had not engaged in SGA since the alleged onset of his disability, December 1, 2009.  (*Id.*) According to the ALJ, Mr. Tidwell's status post open reduction internal fixation of the left listfranc facture; degenerative disc disease of the lumbar spine with a small herniation and partial annular tear; remote traumatic fractures of the left and right feet with some residual arthritis; diffuse intermittent synovitis of the right elbow; average to borderline intellectual functioning; polysubstance abuse, in self-reported remission; depressive disorder; and panic disorder with agoraphobia are considered "severe" based on the requirements set

forth in the regulations. (*Id.*)

However, the ALJ found that Mr. Tidwell did not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 24.) He determined that Mr. Tidwell has the RFC to perform sedentary work and must refrain from climbing ladders, ropes, or scaffolds, although he can do occasional stooping, kneeling, crouching, or crawling; must avoid concentrated exposures to extremes of cold, heat, or humidity; and must avoid hazardous machinery and unprotected heights. (Tr. at 26.) The ALJ would require Mr. Tidwell to do low stress work, with infrequent, gradually introduced changes in the work setting; interaction with things rather than people; only occasional conversation and interpersonal interaction with co-workers; and a well-spaced work environment with only occasional supervision. (*Id.*)

According to the ALJ, Mr. Tidwell is unable to perform any of his past relevant work. (Tr. at 32.) He is a "younger individual" with a "limited education," as those terms are defined by the regulations. (*Id.*) The ALJ determined that transferability of skills was "not material to the determination of disability" because Mr. Tidwell was "not disabled." (*Id.*) He also determined from testimony of a vocational expert that

there are a significant number of jobs in the national economy that Mr. Tidwell is capable of performing, such as document preparer, dowel inspector, and cuff folder. (Tr. at 32-33.) The ALJ concluded his findings by stating that Mr. Tidwell was not disabled. (Tr. at 33-34.)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). " The substantial evidence standard permits administrative decision makers to act

with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for " despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion

Mr. Tidwell alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he asserts that the ALJ erred in failing to consider the limitations caused by Mr. Tidwell's irritable bowel syndrome ("IBS") in his RFC

assessment. (Doc. 13 at 16.) Alternatively, Mr. Tidwell claims the ALJ erred in failing to order a consultative examination regarding his IBS symptoms to supplement the medical evidence in Mr. Tidwell's file. (Doc. 13 at 17.)

A.    Consideration of Limitations in RFC Assessment

Mr. Tidwell argues that although the ALJ "did understand [Mr. Tidwell's] worst problem to be his IBS," the ALJ erred by not discussing "his actual impressions of [Mr. Tidwell's] IBS condition" in his decision. (Doc. 13 at 16.) On the contrary, the ALJ acknowledged that Mr. Tidwell considered his "worst problem" to be his stomach and bowel movements and found that Mr. Tidwell's medically determinable ailments could reasonably be expected to cause his alleged symptoms. (Tr. at 26-27.) However, the ALJ also stated that Mr. Tidwell's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms [were] not credible to the extent they are inconsistent with" the RFC. (Tr. at 27.) Nonetheless, Mr. Tidwell appears to allege that the ALJ's RFC assessment did not adequately consider Mr. Tidwell's IBS in combination with his other conditions. (Doc. 13 at 19.) Mr. Tidwell bases this conclusion on the statement of a vocational expert ("VE") that the potential absences caused by Mr. Tidwell's impairments would "eliminate employability." (*Id.* at 16; *see also* Tr. at 67-68.)

An individual's RFC represents the most he can still do, despite his limitations, in a work setting.  20 C.F.R. § 404.1545(a)(1).  In order to determine an individual's RFC, the ALJ assesses all of the relevant evidence in the record, including medical reports prepared by a physician or other healthcare provider, as well as more subjective descriptions and observations of an individual's limitations.  *Id.* § 404.1545(a)(3). Moreover, the evaluator considers not only the impairments classified as "severe" but the "limiting effects" of all conditions when making a judgment about an individual's RFC. *Id.* § 404.1545(e).  A reviewing court will affirm the ALJ's RFC assessment if it is supported by the objective medical evidence.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The ALJ assessed that Mr. Tidwell has the RFC to perform sedentary work (Tr. at 26), which allows an individual to sit for the majority of the workday, even if "a certain amount of walking and standing is . . . necessary" to perform job duties. 20 C.F.R. § 404.1567(a).  The ALJ acknowledged that Mr. Tidwell suffers from a history of serious conditions and determined that "a restriction to sedentary work would significantly reduce the impact of his impairments" and "help reduce [his] daily pain levels."  (Tr. at 30-31.)  In making this determination, the ALJ gave the most weight to the opinions of Mr. Tidwell's treating physicians, primarily those of

Dr. Volgas, an orthopedic surgeon; Dr. Taylor, a cardiologist; and Dr. Hagler, a general practitioner and Mr. Tidwell's family doctor.  (Tr. at 31.)

The ALJ classified Mr. Tidwell's gastrointestinal impairments, including gastritis, gastroesophageal reflux disease ("GERD"), and IBS, as "non-severe" because the record revealed " no evidence [that] the conditions cause[] anything more than minimal functional limitation or restrictions."  (Tr. at 23.)  Indeed, Dr. Davila, Mr. Tidwell's gastroenterologist, stated that Mr. Tidwell has "good symptom control" as a result of medical management for his gastrointestinal conditions, which includes both medication (Reglan and Elavil) and a high-fiber diet with Benefiber fiber supplement and Activia yogurt as a probiotic.  (Tr. at 458; *see also* Tr. at 59.)  If an individual's medical condition can be "reasonably remedied" by surgery, treatment, or medication, the condition is not disabling.  *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).  Moreover, although Mr. Tidwell testified at his hearing that he has between eight and twelve bowel movements per day and is in "a lot of pain" (Tr. at 48-49), he repeatedly denied incontinence, diarrhea, nausea, abdominal pain, and vomiting when reporting to Dr. Bucco at the pain management clinic.  (Tr. at 470-503; 569-608.)  Most notably, Mr. Tidwell's hearing was held on June 7, 2011.  (Tr. at 38.)  On June 15, 2011, Mr. Tidwell had an appointment in Dr. Bucco's office and reported

only nausea since his previous visit on May 18, 2011.  (Tr. at 587.)  Mr. Tidwell's primary complaints to Dr. Bucco involved not his gastrointestinal conditions but the pain in his low back, neck, wrists, and ankles (*Id.*), which the ALJ acknowledged as severe.  (Tr. at 22.)  Furthermore, Mr. Tidwell sees his gastroenterologist only on an "as needed" basis, and the record contains no evidence that would indicate Mr. Tidwell saw Dr. Davila past January 2011.  (Tr. at 458-59.)

Thus, substantial evidence in the record supports the ALJ's determination that Mr. Tidwell is not disabled by his IBS, neither alone nor in combination with his other impairments.  This Court's role in reviewing the ALJ's decision is inherently limited, *see Miles*, 84 F.3d at 1400, and the ALJ applied the correct legal standard in determining Mr. Tidwell's RFC by considering all the evidence in the record. Therefore, this Court holds that the ALJ did not err by failing to fully consider the limitations caused by Mr. Tidwell's IBS in his calculation of Mr. Tidwell's RFC.

B.    Consultative Exam to Supplement Medical Evidence

Alternatively, Mr. Tidwell alleges that the ALJ was obligated to order a consultative examination regarding Mr. Tidwell's gastrointestinal issues if he "had any concern that the medical evidence . . . was underdeveloped."  (Doc. 13 at 17.) The burden to supply medical evidence rests primarily with the individual claiming

entitlement to benefits, but the ALJ must develop an individual's "complete medical history" if it cannot be gleaned from the information supplied from medical sources. 20 C.F.R. § 404.1545(a)(3). However, the ALJ "is not required to order a consultative examination [if] the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

Mr. Tidwell claims that the ALJ "did not properly focus on" Mr. Tidwell's IBS and thus concludes that the record was not adequately developed on this point. (Doc. 13 at 18.) As mentioned above in subpart A, the ALJ found that Mr. Tidwell's gastrointestinal issues were "non-severe" because "[t]here is no evidence [that] the conditions cause[] anything more than minimal functional limitation[s] or restrictions." (Tr. at 23.) Mr. Tidwell supplied for the record not only medical evidence from his gastroenterologist (Tr. at 458-69), but also medical evidence from his pain management clinic (Tr. at 470-503; 569-608.) Using this evidence and Mr. Tidwell's testimony from the hearing, the ALJ determined that Mr. Tidwell's "medically determinable impairments," including his IBS, "could reasonably be expected to cause the alleged symptoms." (Tr. at 27.) This Court has concluded already that substantial evidence supports the ALJ's RFC assessment regarding the

limitations caused by Mr. Tidwell's IBS, and therefore an additional consultative examination is unnecessary.  Thus, this Court holds that the ALJ did not err by failing to order a consultative examination regarding Mr. Tidwell's IBS and related symptoms.

## IV.    Conclusion

Upon review of the administrative record, and considering all of Mr. Tidwell's arguments, this Court finds that the ALJ's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 10<u>th</u> day of <u>February 2015</u>.

L. Scott Coogler
United States District Judge
[160704]